PER CURIAM.
Appellant/defendant seeks review of a summary judgment in favor of appel-lees/plaintiffs in a quiet title action. The cause of action arose out of a controversy concerning ownership of a portion of a strip of land in Lee County bounded on the southwest by the Gulf of Mexico and on the northeast by a body of water called either a bayou or a pass depending upon whose terminology is accepted. The northwestern boundary is contiguous to appellees’ property. Appellant owns the land across the water to the northeast and contends that the parcel in issue has always been part of her property. Appellees contend that they are entitled to the disputed parcel because it was formed as a part of the lateral accretion to their property.
Based upon appellees’ affidavits the court concluded that the disputed land had been formed in front of appellant’s property by the gradual southeasterly accretion to ap-pellees’ property, as a result of which a pass was left between the parcel in issue and appellant’s land. Given the fact that the land was created in this manner, the judgment would be correct under the authority of Ford v. Turner, 142 So.2d 335 (Fla.2d DCA 1962). Indeed this land would apparently represent a further southeasterly accretion to the property quieted by Mr. Turner in that case.
However appellant submitted an affidavit that the disputed land had been in existence for more than seventeen years. If this is true the land could have hardly developed as an accretion to appellees’ land since the 1958 diagram in Ford v. Turner, supra, shows the furthest point of Mr. Turner’s newly accreted land to be almost a mile to the northwest of the disputed parcel. Moreover the record reflects at least an inference that the body of water may have developed in recent years so as to intersect the property which has always been owned by appellant and her predecessors in title.
Therefore, without expressing any view as to the merits of this controversy, we hold that a material issue of fact exists concerning the ownership of the disputed parcel which cannot be resolved by summary judgment. Fla.R.Civ.P. 1.510.
REVERSED and REMANDED for further proceedings.
BOARDMAN, C. J., and GRIMES and SCHEB, JJ., concur.